UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-06-4-B-W |
| | ) | |
| RICHARD J. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO VACATE THE INDICTMENT AND DISMISS THIS CASE FOR DENIAL OF PROCEDURAL DUE PROCESS OF LAW AND LACK OF TERRITORIAL JURISDICTION**

Acting as his own tactician, Richard J. Thomas wages a frontal assault against the Government's charges of tax evasion. He attacks on a variety of alleged grounds, including the absence of a sworn complaint, the denial of a preliminary hearing, statutory and constitutional inadequacy of grand jury procedures, a lack of statutory authority in the magistrate judge, and a failure of territorial jurisdiction. Because the Government's case is impervious to the Defendant's salvos, this Court denies Mr. Thomas's motion to vacate the indictment and dismiss this case.

### I.     Statement of Facts

On January 11, 2006, a Grand Jury of this District indicted Richard J. Thomas, charging him with six counts of tax evasion. *Indictment* (Docket # 1). This Court set arraignment for January 19th, and reset it for February 10th upon motion of the Defendant. (Docket #s 3-7). On February 10th, Defendant again moved for a continuance, (Docket # 11), and the Defendant was arraigned on March 3rd. (Docket #s 16, 18). In the meantime, Defendant, acting *pro se,* filed a "Motion to Vacate the Indictment and Dismiss the Case for Denial of Procedural Due Process of

Law and Lack of Territorial Jurisdiction" (*Def.'s Mot.*)(Docket # 15).  The Government responded on March 16, 2006 (*Gov.'s Resp.*)(Docket # 19).

## II. Discussion

### a. No Affidavit of Complaint

Defendant's first argument, citing 18 U.S.C. § 3045 and Rules 3, 4 and 6 of the Federal Rules of Criminal Procedure (Federal Rules) and the Fourth Amendment, is that the procedure in this case was defective because "there exists no affidavit of complaint in this Case or complaint or information supported by oath or affirmation; and that no probable-cause hearing was conducted in open court before a magistrate judge". *Def.'s Mot.* at 1-3.

Section 3045 reads as follows:

> Warrants of arrest for violations of internal revenue laws may be issued by United States magistrates [United States magistrate judges] upon the complaint of a United States attorney, assistant United States attorney, collector, or deputy collector of internal revenue or revenue agent, or private citizen; but no such warrant of arrest shall be issued upon the complaint of a private citizen unless first approved in writing by a United States attorney.

*Id.* The record reveals that an arrest warrant was neither sought nor issued.  Hence, section 3045 is inapplicable.  Similarly, the invocation to the Fourth Amendment cannot assist the Defendant – the Fourth Amendment informs us that "…no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…", U.S. Const. amend. IV, but no warrant has issued.

Defendant is correct that there is no complaint in this case, but none is needed.  The complaint procedure may be superseded by the grand jury's return of an indictment. *See Jaben v. United States,* 381 U.S. 214, 220 (1965); *United States v. Fiasconaro,* No. 01-61-P-H, 2001 U.S. Dist. LEXIS 19307, *20-*21 (D. Me. Nov. 26, 2001)(citations omitted).  As this case was

2

initiated by indictment, Rules 3 and 4 of the Federal Rules, which govern complaints and arrest warrants or summonses issued upon complaints, are inapplicable.[1]

### b. Defendant Denied Preliminary Hearing

Defendant's second contention is that he was denied a preliminary hearing in violation of Fed. R. Crim. P. 5.1.  However, Rule 5.1 expressly provides an exemption from the preliminary hearing rule if, among other things, "the defendant is indicted". *Id.* at (a)(2).  Undeterred, Defendant points to Fed. R. Crim. P. 9 to argue that:

> [J]ust as an information must be accompanied by one or more affidavits in order to establish probable cause…likewise so must an indictment be preceded by one or more affidavits of complaint….and that where there exists no such antecedent affidavit of complaint, a grand jury has no basis for initiating an investigation and a committing magistrate no foundation for establishing probable cause; thus mandating the preliminary hearing set forth in Rule 5.1(a) FRCP.

*Def.'s Mot.* at 3-4.  Defendant's argument however, requires several leaps of logic unsupported by either Rule 5.1 or Rule 9.[2]  Rule 9 concerns the issuance of arrest warrants and summonses pursuant to an indictment or information, and expressly limits the requirement of accompanying affidavits establishing probable cause to informations.  Furthermore, as noted, Rule 5.1 excepts an indicted defendant.

### c. Defendant Denied Opportunity to Challenge Compliance with Grand Jury Selection Procedures

---

[1] Defendant's remaining citation is to Fed. R. Crim. P. 6, which provides that the "grand jury – or its foreperson or deputy foreperson – must return the indictment to a magistrate judge in open court." *Id.* at (f). As this Rule deals with indictments, rather than arrest warrants and complaints, it does not relate to Defendant's argument about the absence of an affidavit in the Complaint. Rule 6 is later the subject of a separate argument by Defendant. *See infra* I.d.

[2] Rule 9 reads in relevant part as follows:
   (a) Issuance. The court must issue a warrant--or at the government's request, a summons--for each defendant named in an indictment or named in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it.  The court may issue more than one warrant or summons for the same defendant.  If a defendant fails to appear in response to a summons, the court may, and upon request of an attorney for the government must, issue a warrant.  The court must issue the arrest warrant to an officer authorized to execute it or the summons to a person authorized to serve it.

*Id.*

Citing Rule 6 of the Federal Rules, as well as 28 U.S.C. §§ 2072 and 1867, Defendant's third argument is based on his alleged:

> [D]enied opportunity to challenge the array of the grand jury and the legal qualifications of the individual grand jurors before administration of oath upon them; that the voir dire examination of the grand jurors in this Case began more than seven days before Defendant discovered any grounds therefor; and that Defendant was denied the substantive right of opportunity to challenge compliance with grand jury selection procedures and opportunity to move to dismiss the Indictment or stay the proceedings in this Case on the ground of substantial failure to comply with the provisions of Title 28 in selection of the grand jury.

*Def.'s Mot.* at 5.

Section 1867 provides:

> In criminal cases, before the voir dire examination begins or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him <u>on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.</u>

*Id.* (emphasis supplied). "Provisions of this title", as the Government notes, include the requirement that no citizen be excluded from service on account of race, color, religion, sex, national origin, or economic status, 28 U.S.C. § 1862; the requirement of following a plan for random selection of jurors, *id.* at § 1863; and disqualification of certain individuals from jury service on grounds such as incompetency and lack of citizenship, *id.* at § 1865. *See Gov.'s Resp.* at 2. Section 1867 states that "the procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime…may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title". *Id.* at (e).[3] *See United*

---

[3] These procedures are laid out in subsection (d):
  Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this

4

*States v. Pelletier,* 845 F.2d 1126, 1131 (1st Cir. 1988) ("Section 1867 provides the exclusive means by which a party may challenge a jury on the ground of procedural irregularities"). To invoke section 1867, the Defendant must allege a "substantial failure" to comply with 28 U.S.C. § 1861 *et seq.* He has failed to do so and this Court cannot glean a viable statutory violation from the alleged generality. Even if one could be gleaned, Defendant has not followed the procedures outlined in subsection (d). Nor does Defendant's citation to Rule 6 salvage his argument.[4] Rule 6(b) provides that the motion to dismiss an indictment based on an individual juror's lack of legal qualification "is governed by 28 U.S.C. § 1867(e)", *id.* at (2), so the same result obtains.

### d. Indictment not "Returned to a Magistrate Judge in Open Court"

Defendant's next argument concerns whether the indictment was returned to the Magistrate Judge in open court, pursuant to Rule 6(f) of the Federal Rules. He argues that "unless the grand jury or the grand jury's foreperson or deputy foreperson returns an indictment to a magistrate judge in open court, no avenue exists for a defendant to confirm that at least 12 qualified jurors concurred in the indictment." *Def.'s Mot.* at 5.

Here, the indictment bears a U.S. District Court District of Maine date and time stamp of "2006 JAN 11 P 3:27" – a time during working hours when the Court was open for business. The indictment bears the signature of the grand jury foreperson, an assistant United States

---

title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

*Id.*

[4] As neither statute nor rule provides a basis for Defendant's argument, 28 U.S.C. § 2072, governing whether rules of procedure or substantive laws control, is similarly unavailing.

Attorney and the date of January 11, 2006. The First Circuit has ruled that there is a "presumption of regularity" surrounding a grand jury proceeding, which a "conclusory allegation" will not rebut. *In re Inzirillo,* 542 F.2d 90, 91 (1st Cir. 1976)(citation omitted). Defendant's argument is not sufficient to overcome the presumption of regularity. *See Odman v. United States,* No. 04-CV-44, 2005 U.S. Dist. LEXIS 36072, *17-*18 (W.D.N.C. Dec. 12, 2005)(collecting cases and taking judicial notice that the indictment was properly returned based on the signature of the foreperson and the Clerk's filed stamp).[5]

### e. United States Magistrate Judge not Authorized to Ask Defendant to Plead

Defendant cites a litany of Federal Rules in support of a distinction he draws between "judge" and "magistrate judge" at various points in the text, concluding that only a "judge" is authorized to take a plea in a felony case. *Def.'s Mot.* at 5-7. Arraignments, however, at which defendants are asked to plead, are governed by Rule 10, which omits any specific mention as to who must take the plea, simply saying that it must be conducted in "open court". Fed. R. Crim. P. 10(a). Defendant persists, advancing his theory that "the reason Rule 10 (Arraignment) and 11 (Pleas)….studiously omit any mention of 'judge' or 'magistrate judge' in the respective text of each and instead generically identify the bench officer in the subject proceeding as "the court", is because [both rules]…must be constructed in such a manner so as to accommodate both misdemeanor and felony-case scenarios…" *Def.'s Mot.* at 7.

Fed. R. Crim. P. 5, however, uses "judge" interchangeably when setting forth the procedure both in a felony and in a misdemeanor cases. *See id.* at (d) & (e). Furthermore, the

---

[5] Even were it so, without a demonstration that the grand jury proceedings were fundamentally unfair or prejudicial, a harmless error analysis would require that the indictment stand. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 254-57 (1988); *In re United States,* No. 06-1136, 2006 U.S. App. LEXIS 7779, *36-*37 (1st Cir. Mar. 24, 2006); *United States v. Lennick,* 18 F.3d 814, 817-18 (9th Cir. 1994); *Hall v. United States,* No. 01-6096, 2002 U.S. App. LEXIS 12781, *3-*4 (6th Cir. June 24, 2002).

Rule also notes that "when a defendant appears in response to a summons…a <u>magistrate judge</u> must proceed <u>under Rule 5(d) or (e)</u>, as applicable" – which would indicate that the use of the word "judge" in 5(d) and (e) encompasses magistrate judges. *Id.* at (a)(3)(emphasis supplied).

Finally, Rule 157.1 of the Local Rules of the United States District Court for the District of Maine authorizes the full-time magistrate judges of the District to "exercise all powers and perform all duties conferred upon magistrate judges by 28 U.S.C. 636(b), (c) and (g); 18 U.S.C. 3401(i)…" *Id.* at (c). Included in this statutory authority is the catch-all provision of 28 U.S.C. § 636(b)(3), which provides that a magistrate judge may be assigned such additional duties "as are not inconsistent with the Constitution and laws of the United States". *Id. See also Carter v. United States,* 388 F. Supp. 1334 (W.D. Pa. 1975), *aff'd without opinion by* 517 F.2d 1397 (3d Cir. 1975).

### f. No Territorial Jurisdiction

Defendant's final argument refers to the principle that congressional legislation is generally presumed to apply only within the territorial jurisdiction of the United States. *See Def.'s Mot.* at 10 (citing *Foley Bros. v. Filardo,* 336 U.S. 281, 285 (1949)). Mr. Thomas argues that at no time did he engage in an activity governed by the income tax code within the territorial jurisdiction of the United States. *Id*. In contrast, the Government argues that this is a prematurely raised defense, as it will have to establish, at trial, "that Defendant Thomas was required to file and/or to pay federal income taxes". *Gov.'s Resp.* at 5-6.

There is no need to address the merits of Defendant's argument at this stage. The indictment is valid on its face, and it would be premature to dismiss it without allowing the Government to present evidence in support of its case; namely that Defendant incurred an income tax obligation which he was required, but failed to meet. *See* Fed. R. Crim. P. 12(b);

7

*United States v. Knox,* 396 U.S. 77, 83 n.7 (1969)(noting that Rule 12(b) cautions the trial judge "that he may consider on a motion to dismiss the indictment only those objections that are 'capable of determination without the trial of the general issue'"); *United States v. Russell,* 919 F.2d 795, 797 (1st Cir. 1990)("As a general rule, when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial")(citations omitted); *United States v. Alfonso,* 143 F.3d 772, 776-77 (2d Cir. 1998)(reversing as "premature" a trial court's dismissal of an indictment for failure to allege facts sufficient to establish jurisdictional element); *United States v. Parker,* 165 F. Supp. 2d 431, 458 (W.D.N.Y. 2001)(collecting cases in support of the proposition that an accusatory instrument valid on its face may not be dismissed based on insufficient evidence).

### III.   Conclusion

This Court DENIES Defendant's Motion to Vacate the Indictment and Dismiss the Case for Denial of Procedural Due Process of Law and Lack of Territorial Jurisdiction (Docket # 15).

**SO ORDERED.**

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2006