UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Crim. No. 06-04-B-W<br>RICHARD J. THOMAS, )<br>)<br>Defendant. ) | |

**RECOMMENDED DECISION ON DEFENDANT'S
MOTION TO DISMISS COUNT THREE**

Defendant Richard J. Thomas has moved to dismiss count three of the indictment based on the six-year statute of limitation applicable to income tax evasion charges. (Docket No. 38.) In count three of the indictment (Docket No. 1) the Government alleges that Thomas willfully attempted to evade and defeat the assessment of income tax for tax year 1998, in violation of 26 U.S.C. § 7201. Pursuant to 26 U.S.C. § 6531, a six-year limitation period applies to the charge. Thus, in the absence of any tolling of the limitation period, the indictment must be returned within six years of the commission of the offense. 26 U.S.C. § 6531(2). The instant indictment is dated January 11, 2006. The deadline for filing an income tax return for income generated in 1998 was April 15, 1999. According to Thomas, the fact that some 81 months passed between April 15, 1999, and the return date of the indictment requires that count three be dismissed. The Government responds (Docket No. 41) that the limitation period was tolled—and has not yet expired—because of Thomas's efforts to quash the third party summonses issued by the IRS during its underlying investigation.

**Discussion**

When a person whose liability is the subject of a third-party summons moves to quash the summons, "then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending."  26 U.S.C. § 7609(e)(1); see also United States v. Meyer, 808 F.2d 1304 1306 (8th Cir. 1987).  On February 14, 2003, I issued a recommended decision on motions to quash summonses the IRS issued to various third-party record keepers to produce records pertaining Richard Thomas's alleged tax liability. Thomas v. United States, 254 F. Supp. 2d 174, 177 (D. Me. Feb. 14, 2003) (Kravchuk, Mag. J., Recommended Decision).  Judge Singal accepted the recommended decision, which recommended the denial of Thomas's motions to quash.  Id. (Apr. 14, 2003) (Singal, J., Order Affirming the Recommended Decision).  The motions to quash were filed between September and November of 2002.  254 F. Supp. 2d at 177.  The seven months between the filing of the motions to quash and the Court's order on the motions would not be a sufficient period of suspension to make count three of the indictment timely.  However, Thomas appealed the Court's order to the Court of Appeals, which affirmed the Court's order on March 16, 2004, finding that Thomas's appeal was frivolous.  Thomas v. United States, 93 Fed. Appx. 238 (1st Cir. 2004). The 11 months during which that appeal was pending continued the suspension of the limitation period for a sufficient amount of additional time to bring count three of the indictment well within the six-year limitation period.

**Conclusion**

For the reasons stated above, I RECOMMEND that the Court DENY the motion to dismiss count three of the indictment (Docket No. 38).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 2, 2006