UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR-06-4-B-W |
| ) | |
| RICHARD J. THOMAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

The Court denies the Defendant's motion to dismiss the indictment or, in the alternative, for an evidentiary hearing, because he has failed to demonstrate that any prejudice has resulted from the Internal Revenue Service's decision to proceed forward with a notice of jeopardy against a Trust upon which the Defendant was relying to pay his legal fees and expenses.

### I.    STATEMENT OF FACTS

Richard John Thomas moves to dismiss this contentious and delayed criminal matter. *Def.'s Mot. for Dismissal and, In the Alternative, an Evidentiary Hr'g* (Docket # 110) (*Def.'s Mot.*). On January 11, 2006, a federal grand jury indicted Mr. Thomas on six counts of income tax evasion from 1995 through 2001. *Indictment* (Docket # 1). Mr. Thomas represented himself from January 12, 2006 to April 24, 2006, when Mr. Thomas's current counsel entered their appearances. *Notice of Att'y Appearance* (Docket # 29). The case has limped toward conclusion. The parties first became entangled in an elaborate discovery dispute, which as it neared resolution became diverted by questions of the Defendant's competence. The first issue was his physical status, which was ultimately fully and favorably resolved. *Def.'s Mot. to Continue Trial to Allow Medical Treatment and Psychological Evaluation* (Docket # 58). The

physical problems were replaced, however, by concomitant psychological issues, which remain in flux.[1]

On September 27, 2007, Mr. Thomas moved to dismiss the indictment and, in the alternative, he requested an evidentiary hearing to explore asserted governmental violations of his Sixth Amendment right to counsel and his Fifth Amendment due process rights. *Def.'s Mot.* Mr. Thomas accuses the Government of "misconduct" in cutting off his funds by a jeopardy levy, leaving him without the financial wherewithal to pay his private lawyers. *Id.* at 1. Mr. Thomas attached to his motion a Notice of Jeopardy Levy and Right of Appeal, dated March 12, 2007, from the Internal Revenue Service in the amount of $138,710.74 regarding the 1040 for the tax period ending December 31, 1995, and $132,526.62 regarding the 1040 for the tax period ending December 31, 1996. *Def.'s Mot. Attach. A* at 1 (redacted). Mr. Thomas also attached a copy of the IRS Appeals Office August 7, 2007 Notice of Determination, which sustained in full the March 12, 2007 Notice of Jeopardy Levy. *Id. Attach. B* (redacted). This Notice of Determination finds that Mr. Thomas had failed to file income tax returns for the years 1995 and 1996, causing a tax deficiency. *Id.* It further found that on December 6, 2000, Mr. Thomas transferred his interest in three parcels of land into a trust called the Ichabod Trust, that in May 2006, the Trust sold one property for $89,000.00, that the proceeds were placed in a credit union account, and that the Defendant was dissipating the funds in that account. *Id.* The Notice of Determination gave Mr. Thomas notice of his right of appeal to the Tax Court. *Id.*

Mr. Thomas filed an affidavit dated August 31, 2007, stating that the distributions from the Ichabod Trust were "for the purposes of providing living expenses and legal expenses." *Id. Attach. C.* He states that the "levy . . . effectively eliminated the Trust's ability to help Richard

---

[1] In addition to the preliminary question of competence, the Defendant also contends that, if competent, accommodations must be made during trial for his psychological condition. This issue, like competence, awaits resolution.

Thomas in the matter of legal expenses." *Id.* On August 30, 2007, Mr. Thomas's private attorney (not his criminal defense counsel) wrote him, enclosing a copy of the Notice of Determination, informing him of his right of appeal, and asking him to supply an additional retainer, if he wished to appeal. *Id. Attach. D.* Finally, Mr. Thomas attached a copy of the IRS's Answer to his appeal, which is currently pending in the Tax Court, in which the IRS attorney states in part that the IRS denies "any civil action must be held in abeyance," but at the same time admits that the Defendant is "under criminal prosecution." *Id. Attach. F.*

Mr. Thomas contends that the IRS jeopardy levy eliminates his ability to "continue to retain chosen counsel and to pay for the defense as originally anticipated . . . ." *Id.* at 6. This, he says, amounts to a violation of his Sixth Amendment right to counsel and justifies dismissal of the indictment. Mr. Thomas also argues that the IRS action was a deliberate and outrageous interference in his Sixth Amendment right to counsel and, as a result, his Fifth Amendment due process rights, which separately justifies dismissal of the indictment. *Id.* at 7-13. Failing outright dismissal, Mr. Thomas requests an evidentiary hearing "concerning the extent of government violations of Thomas' 6th Amendment right to counsel and 5th Amendment due process rights . . . ." *Id.* at 14. The Government objects. *Government's Resp. to Def.'s Mot. to Dismiss Indictment and For, In the Alternative, an Evidentiary Hr'g* (Docket # 122).

## II. DISCUSSION

### A. Dismissal of an Indictment as a Remedy

Mr. Thomas asks the Court to dismiss the indictment. The authority to dismiss an indictment emanates from the supervisory power of the court, founded on the need to "implement a remedy for violation of recognized rights, to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury, and . . . to deter

3

illegal conduct." *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1359 (1st Cir. 1995) (quoting *United States v. Hasting*, 461 U.S. 499, 505 (1982)). A court should exercise its authority to dismiss cautiously, since to dismiss an indictment "directly encroaches upon the fundamental role of the grand jury." *Whitehouse*, 53 F.3d at 1360. "Because the public maintains an abiding interest in the administration of criminal justice, dismissing an indictment is an extraordinary step." *United States v. Nai Fook Li*, 206 F.3d 56, 62 (1st Cir. 2000) (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)); *Whitehouse*, 53 F.3d at 1360 (noting that the "power is appropriately reserved . . . for extremely limited circumstances."). The First Circuit stated in *Whitehouse* that "the more severe the sanction, the more extensive the source of power needed to impose it, and the more closely that power must be circumscribed." *Whitehouse*, 53 F.3d at 1360.

In *Bank of Nova Scotia v. United States*, the Supreme Court concluded that a district court had "no authority to dismiss the indictment on the basis of prosecutorial misconduct absent a finding that petitioners were prejudiced by such misconduct." 487 U.S. 250, 263 (1988). The Court expressed its holding: "[A] federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)."[2] *Id.* at 254. Further, Rule 52(a) "prohibits federal courts from granting relief based on errors that 'do not affect substantial rights.'" *Peguero v. United States*, 526 U.S. 23, 29 (1999); *United States v. Torres-Otero*, 192 F.3d 12, 13 (1st Cir. 1999); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

---

[2] Even fundamental errors, such as racial or gender discrimination in the selection of the grand jurors, are not exceptions to the harmless error rule; rather, in such cases, "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." *Bank of Nova Scotia*, 487 U.S. at 256-57.

### B.     The Showing of Prejudice

Here, there is no showing of prejudice.  Mr. Thomas still has private counsel; neither Mr. McFarland nor Mr. Erickson has moved to withdraw and they remain counsel of record.  On November 5, 2007, Mr. Thomas moved for funds with which to hire a psychiatrist and the Court granted the motion.  *CJA 21 Mot. for Funds* (Docket # 126); *Order* (Docket # 127).  Mr. Thomas has, therefore, not been deprived of his chosen attorney nor has he demonstrated any impact the IRS lien has had or likely will have on his substantial rights in defending the pending indictment.[3]  Mr. Thomas's main point is that if he cannot gain access to the funds in the Ichabod Trust, he will be unable to continue to employ counsel of his choosing.  But, the Court cannot assume what may happen in the future and will not issue an advisory ruling.

### III.     CONCLUSION

The Court DENIES the Defendant's motion to dismiss the indictment and for an evidentiary hearing (Docket # 110).

**SO ORDERED.**

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2007

---

[3] Mr. Thomas relies heavily upon *United States v. Stein*, where the district court dismissed indictments against a number of individual defendants who were employees of the giant international accounting firm, KPMG. 435 F. Supp. 2d 330 (S.D.N.Y. 2006); 495 F. Supp. 2d 390 (S.D.N.Y. 2007).  The KPMG scandal, a matter of historical record, involved an accusation that KPMG created fraudulent and abusive tax shelters for its clients.

*Stein* differs substantially from this case.  In *Stein*, the Government turned over "more than 22 million pages of material," and "designated nearly 70 witnesses and 2000 exhibits totaling more than 150,000 pages for its case in chief."  495 F. Supp. 2d at 416-17, 418.  The subject matter in *Stein* presented "unusual challenges," requiring "the active participation of a tax specialist steeped in the kinds of transactions at issue . . . ."  *Id.* at 418.  Nevertheless, the Government successfully pressured KPMG to forswear its policy of reimbursing legal fees for employees accused of criminal conduct.

*Stein* bears only the most attenuated relevance to the tax evasion case that the United States has brought against Mr. Thomas.  The Indictment here charges that Mr. Thomas failed to file any tax returns for the tax years from 1995 to 2004, and alleges a violation of 26 U.S.C. § 7201 for each year.  *Indictment* ¶ 9.  Virtually none of the factors that motivated the dismissals in *Stein* is present here.